# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | | |
|---|---|---|
| ALICE F. DAVIS, | ) | |
|     Plaintiff, | ) | |
| v. | ) | **CIVIL ACTION NO. 1:12-06209** |
| ANTEA GROUP, *et al.*, | ) | |
|     Defendants; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAMANTHA L. ROBINETTE, | ) | |
|     Plaintiff, | ) | |
| v. | ) | **CIVIL ACTION NO. 1:12-06213** |
| ANTEA GROUP, *et al.*, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Antea Group and Katey Brown have filed a Motion for Determination of a Reasonable Fee for the Deposition of Dr. Naeem Akhtar Qazi, M.D. (Document No. 70.) It appears that Dr. Qazi has treated Plaintiff, Ms. Alice Davis. It further appears that Defendants served a Subpoena to Testify at a Deposition in a Civil Action upon Dr. Qazi scheduling his deposition for Wednesday, November 6, 2013, beginning at 1:00 p.m. at his offices at #15 Westwood Medical Park, Bluefield, Virginia 24605. (Id., Exhibit 4.) Dr. Qazi has required the flat fee payment of $5,000 for his testimony. (Id., Exhibit 3.) Counsel for Defendants has informed Dr. Qazi that "your fee of $5,000.00 is unreasonable in light of the fact that Mrs. Davis is your patient and the pursuit of her personal injury claim and her pursuit of her claim for future treatment and care is based on your opinions and factual representations. I am willing to pay you a reasonable fee for your deposition preparation and attendance and request that you reconsider the quoted charge." (Id., Exhibit 6.) Preliminary legal research indicates that, to the extent that a plaintiff's treating physician

may actually be regarded an expert witness under Federal Rule of Civil Procedure 26(b)(4)(A),[1] he may not require the payment of a flat fee prior to the giving of a deposition. Rather, a plaintiff's treating physician may charge "a reasonable fee for time spent in responding . . .." Federal Rule of Civil Procedure 26(b)(4)(E); See also Johnson v. Spirit Airlines, Inc., 2008 WL 1995117 (E.D.N.Y.). The Rule clearly anticipates that, unless a fee is agreed upon in advance, an expert will charge a reasonable hourly rate for the giving of his or her deposition after giving the deposition testimony. Having said this, the Court encourages Dr. Qazi to reconsider how and how much he will charge for giving his deposition respecting his medical treatment of Ms. Davis and speak with Defendants' counsel about his thoughts in these regards. The Court will also allow Dr. Qazi an opportunity for a hearing to present any legal authority supporting a process different from or contrary to that stated above and to discuss alternatives to that process. It is therefore hereby **ORDERED** that a telephonic hearing is scheduled for **Monday, November 4, 2013, at 4:00 p.m.** Counsel for the parties shall attend by calling the Court's conference line at (304) 414-3029. Dr. Qazi and/or his attorney may attend as well by calling the same number. If Dr. Qazi and/or his attorney choose not to attend, the Court will require Dr. Qazi's deposition to proceed on Wednesday, November 6, 2013, at 1:00 p.m. without Defendants' payment of his requested $5,000 flat fee and will require Dr. Qazi to submit a bill for his deposition to Defendants' counsel indicating in a specific and itemized manner the time which he spent in preparing for and giving his deposition and his hourly rate. The Court will entertain a Motion from Defendants then respecting the

---

[1] Some Courts do not regard treating physicians experts under this Rule and permit their payment of the $40 per day witness fee under 28 U.S.C. § 1821(b). *See Yazdani v. Pan-American Life Insurance Company*, 2002 WL 32098288 *2 (D.Md.). It does not appear that Defendants are contending that Dr. Qazi should be paid under Section 1821(b). Rather, Defendants appear willing to pay Dr. Qazi a reasonable fee under Rule 26(b)(4)(E).

reasonableness of Dr. Qazi's fee if necessary.

The Clerk is directed to fax a copy of this Memorandum Opinion and Order to Dr. Qazi at (304) 425-2183, send a copy of this Memorandum Opinion and Order to Dr. Qazi at 100 New Hope Road, Suite 107, Princeton, West Virginia 24740, and transmit a copy to counsel of record.

ENTER: October 31, 2013.

R. Clarke VanDervort
United States Magistrate Judge